FILED

FEB 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10051 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00299-JMS |
| v. | |
| LATUNIUA POHAHAU, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Submitted February 14, 2017[**]

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Latuniua Pohahau appeals from the district court's judgment and challenges

the 120-month sentence imposed following his guilty-plea conviction for

possession of methamphetamine with intent to distribute, in violation of 21 U.S.C.

§ 841(a)(1), (b)(1)(A).  We have jurisdiction under 28 U.S.C. § 1291.  We dismiss.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Pohahau contends that the district court violated his Sixth Amendment right to be present at sentencing when it failed to orally pronounce the conditions of supervised release contained in the written judgment. The government argues that the appeal should be dismissed based on the appeal waiver contained in the parties' plea agreement. Reviewing de novo, *see United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009), we dismiss. The district court did not violate Pohahau's Sixth Amendment rights. Pohahau's counsel expressly waived Pohahau's right to hear the conditions of supervised release in light of the fact that Pohahau had heard the same conditions earlier that day when he was sentenced in another criminal case. *See generally Campbell v. Wood*, 18 F.3d 662, 671-72 (9th Cir. 1994) (en banc) (Sixth Amendment right to be present may be waived). Accordingly, the appeal waiver contained in the plea agreement is enforceable. *See Watson*, 582 F.3d at 988.

**DISMISSED.**